Maria Crimi Speth (012574)
Laura A. Rogal (025159)
**JABURG & WILK, P.C.**
3200 N. Central Avenue, Suite 2000
Phoenix, Arizona 85012
mcs@jaburgwilk.com
lar@jaburgwilk.com
(602) 248-1000

Attorneys for Plaintiff

# UNITED STATES DISTRICT COURT

## DISTRICT OF ARIZONA

| | |
|---|---|
| XCENTRIC VENTURES, L.L.C., an Arizona Limited Liability Corporation, | Case No. |
| Plaintiff, | **COMPLAINT** |
| v. | |
| ELIZABETH ARDEN d/b/a COMPLAINTSBOARD.COM; MELBOURNE IT DBS, INC., a Delaware corporation; INTERNET NAMES WORLDWIDE, INC., a Delaware corporation; DOES 1-10, inclusive, | |
| Defendants. | |

Plaintiff Xcentric Ventures, L.L.C. alleges:

1. This is a civil action seeking monetary damages and injunctive relief for various acts of copyright infringement under the copyright laws of the United States (17 U.S.C. § 101 *et seq.*) and for various acts of trademark infringement in violation of the Lanham Act, 15 U.S.C. § 1051, *et seq.*, and related state law claims.

2. This Court has jurisdiction under 15 U.S.C. § 1121 (trademark); 17 U.S.C. § 101 *et seq.* (copyright); 28 U.S.C. § 1331 (federal question); and 28 U.S.C. § 1338(a) (copyright). This Court has supplemental jurisdiction over state and common law claims pursuant to 28 U.S.C. § 1367(a).

10297-1/LAR/LAR/692130_v1

3. Venue in this District is proper under 28 U.S.C. §§ 1391(b) and (c), and/or 28 U.S.C. § 1400(a). A substantial part of the acts of infringement complained of occurred in this District, and certain corporate defendants are subject to personal jurisdiction in this District.

4. Personal jurisdiction in this District is proper because each defendant, engaged in acts of copyright infringement within the District of Arizona, and/or intentionally directed tortious conduct at Plaintiff knowing such conduct would cause harm within this District.

5. Plaintiff XCENTRIC VENTURES, L.L.C. ("Plaintiff") is and at all relevant times was an Arizona limited liability company located in Phoenix, Arizona.

6. Plaintiff is the operator of a consumer complaint and free speech forum known as the Rip-off Report located at www.RipoffReport.com (the "Rip-off Report site"). The Rip-off Report is widely used by consumers, and works closely with government agencies, attorneys general, federal, state, and local law enforcement, and the news media to help report, identify and prevent consumer fraud and similar conduct.

7. Defendant ELIZABETH ARDEN d/b/a COMPLAINTSBOARD.COM ("Complaints Board") is, and at all relevant times has been, a corporation of unknown origin doing business as Complaints Board on the website www.complaintsboard.com which caused the events herein described to occur with knowledge that they would cause harm within the State of Arizona. Upon information and belief, Complaints Board also has engaged in continuous, systematic and substantial contacts with the State of Arizona sufficient to confer general and specific personal jurisdiction over it in this District.

8. Defendant MELBOURNE IT DBS, INC ("Melbourne") is, and at all relevant times has been, a Delaware corporation doing business as "My Private Registration" and www.melbourneit.com.au which caused the events herein described to occur with knowledge that they would cause harm within the State of Arizona. Upon information and belief, Melbourne also has engaged in continuous, systematic and substantial contacts with the State of Arizona sufficient to confer general and specific personal jurisdiction over it in this District.

10297-1/LAR/LAR/692130_v1

9. Defendant INTERNET NAMES WORLDWIDE, INC ("Internet Names") is, and at all relevant times has been, a Delaware corporation doing business as "My Private Registration" and www.melbourneit.com.au which caused the events herein described to occur with knowledge that they would cause harm within the State of Arizona. Upon information and belief, Internet Names also has engaged in continuous, systematic and substantial contacts with the State of Arizona sufficient to confer general and specific personal jurisdiction over it in this District.

**GENERAL ALLEGATIONS**

10. Plaintiff is and at all relevant times has been the lawful owner of the mark "RIP-OFF REPORT" which has been registered with the United States Patent and Trademark Office and assigned registration #2958949.

11. Since February 1998 through the filing of this action, Plaintiff has continuously used the mark "RIP-OFF REPORT" in commerce to identify and distinguish Plaintiff's business from other businesses in the same field.

12. Plaintiff's ownership of the "RIP-OFF REPORT" mark is incontestable as a matter of law pursuant to 15 U.S.C. § 1065.

13. Plaintiff is the owner of various copyrights relating to content appearing on the Rip-off Report website.

14. Plaintiff is the owner of the federal copyright issued by the United States Copyright Office Certificate of Registration No. TXu1-574-438 entitled "Rip-off Report Content" dated March 25, 2008.

15. Plaintiff is the owner of a federal copyright issued by the United States Copyright Office Certificate of Registration No. TXu1-371-920 entitled "Group Database Registration for Automated Database Entitled 'Rip-off Report Database.' Unpublished updates from March 5, 2008 – May 5, 2008" dated May 20, 2008.

10297-1/LAR/LAR/692130_v1

## DEFENDANTS' ACTIVITIES

16. Since at least June 2006 through the present, MELBOURNE and/or INTERNET NAMES have provided internet hosting services to Elizabeth Arden and the website www.complaintsboard.com.

17. Since at least June 2006 through the present, MELBOURNE and/or INTERNET NAMES has provided private registration services to Elizabeth Arden and the Complaints Board site under the name "My Private Registration."

18. According to the MELBOURNE and INTERNET NAMES website, "My Private Registration" is a service offered to "shield [ ] contact information from abuse." The My Private Registration service replaces the actual contact information displayed in the public WHOIS database for the website with the details of MELBOURNE.

19. The Complaints Board site generally purports to be a forum for consumers to post and review complaints about businesses and bad business practices, among other things.

20. Elizabeth Arden and the Complaints Board site are direct competitors of Plaintiff and the Rip-off Report site.

21. Since at least November, 2008, Elizabeth Arden has copied and continues to copy large quantities of copyrighted works from the Rip-off Report site without Plaintiff's permission or consent.

22. The Complaint Board site's use of copyrighted works from the Rip-off Report site is likely to cause confusion as to source or sponsorship.

23. Without Plaintiff's permission and without any lawful right to do so, Elizabeth Arden has created metatags which incorporate Plaintiff's registered trademark in the mark "RIP-OFF REPORT" for the purposes of misleading consumers who are attempting to locate Plaintiff's website by causing them to be directed to the Complaints Board site.

24. Without Plaintiff's permission and without any lawful right to do so, Elizabeth Arden has copied verbatim the Terms of Service from the Rip-off Report Site,

4

and failed to change at least one reference to Plaintiff from the Terms of Service. *See* printout from Complaints Board Privacy Policy, attached hereto as **Exhibit "A."**

25. Elizabeth Arden's unlawful use of Plaintiff's trademarks and copyrighted works has caused substantial actual confusion among consumers who have been misled into believing that Plaintiff is the owner and/or operator of the Complaints Board site when, in fact, this is not true. *See*, e.g., takedown demand letter from Michael K. Grace, mistakenly believing Plaintiff owned and operated the Complaints Board, attached hereto as **Exhibit "B."**

### COUNT 1
### INFRINGEMENT OF COPYRIGHT — 17 U.S.C. §§ 106, 501(a)
**(Against Defendant Elizabeth Arden)**

26. Plaintiff incorporates herein by reference each and every allegation contained herein.

27. Defendant Elizabeth Arden has violated Plaintiff's exclusive rights under 17 U.S.C. § 106(1) (direct copying) by copying Plaintiff's works without permission.

28. Defendant Elizabeth Arden has violated Plaintiff's exclusive rights under 17 U.S.C. § 106(3) (distribution) by distributing Plaintiff's works without permission

29. Defendant Elizabeth Arden has violated Plaintiff's rights under 17 U.S.C. § 106(5) (display) by publicly displaying Plaintiff's works without permission.

30. Plaintiff is informed and believes that the foregoing acts of infringement have been willful, intentional, and in disregard of and with indifference to the rights of Plaintiff.

31. Defendant Elizabeth Arden's infringing activities were not authorized by Plaintiff and were performed without Plaintiff's knowledge, consent, or permission.

32. Defendant Elizabeth Arden's infringing activities was and is done for Defendant's financial gain.

33. Defendant Elizabeth Arden's infringing activities have caused Plaintiff to incur actual damages of not less than $150,000.

5

34. As the result of Defendant Elizabeth Arden's infringement of Plaintiff's exclusive rights, Plaintiff is entitled to recover from Defendant Elizabeth Arden its actual damages pursuant to 17 U.S.C. § 504(b) or statutory damages pursuant to 17 U.S.C. § 504(c), whichever is greater.

35. As the result of Defendant Elizabeth Arden's infringement of Plaintiff's exclusive rights, Plaintiff further is entitled to attorneys' fees and costs pursuant to 17 U.S.C. § 505.

## COUNT 2
## VICARIOUS INFRINGEMENT OF COPYRIGHT — 17 U.S.C. §§ 106, 501(a)
### (Against MELBOURNE and INTERNET NAMES)

36. Plaintiff incorporates herein by reference each and every allegation contained herein.

37. Defendant Elizabeth Arden has engaged in multiple acts of direct infringement of Plaintiff's exclusive rights granted under the Copyright Act.

38. Defendants MELBOURNE and INTERNET NAMES have profited directly from the infringing activity of Elizabeth Arden.

39. Defendants MELBOURNE and INTERNET NAMES had the right and ability to control the infringing activity of Elizabeth Arden.

40. Defendants MELBOURNE and INTERNET NAMES actively hides the true identity of Elizabeth Arden to ensure that Elizabeth Arden may continue its infringing activity unabated.

41. Despite having actual and/or constructive knowledge of Elizabeth Arden's unlawful actions, Defendants MELBOURNE and INTERNET NAMES failed to exercise their right and ability to control Elizabeth Arden's conduct. As a result, MELBOURNE and INTERNET NAMES are liable to Plaintiff for vicarious infringement of Plaintiff's copyrights.

42. Defendants MELBOURNE and INTERNET NAMES are not entitled to immunity pursuant to 17 U.S.C. § 512(c)(1) because MELBOURNE and INTERNET NAMES had actual and/or constructive knowledge of the infringement, was aware of

10297-1/LAR/LAR/692130_v1

facts and circumstances from which Elizabeth Arden's infringing activity was apparent, and because MELBOURNE and INTERNET NAMES have failed to adopt and reasonably implement a policy as required by 17 U.S.C. § 512(i)(1)(A) that provides for the termination in appropriate circumstances of services to subscribers and account holders who are repeat infringers such as Elizabeth Arden. *See Perfect 10, Inc. v. CC Bill, L.L.C.*, 488 F.3d 1102, 1109 (9th Cir. 2007).

43. As the result of Defendants MELBOURNE'S and INTERNET NAMES' vicarious infringement of Plaintiff's exclusive rights, Plaintiff is entitled to recover actual damages pursuant to 17 U.S.C. § 504(b) or statutory damages pursuant to 17 U.S.C. § 504(c), whichever is greater, for each worked infringed. Plaintiff is further is entitled to attorneys' fees and costs pursuant to 17 U.S.C. § 505.

## COUNT 3
## TRADEMARK INFRINGEMENT — 15 U.S.C. § 1114
**(Against Elizabeth Arden)**

44. Plaintiff incorporates herein by reference each and every allegation contained herein.

45. "RIP-OFF REPORT" is a valid, protectable trademark.

46. Plaintiff owns "RIP-OFF REPORT" as its trademark.

47. Defendant Elizabeth Arden used the RIP-OFF REPORT mark, or a mark confusingly similar thereto, without the consent of Plaintiff in a manner that is likely to cause confusion among ordinary consumers as to the source of the services offered by Plaintiff and by Elizabeth Arden.

## COUNT 4
## UNFAIR COMPETITION/INITIAL INTEREST CONFUSION
## TRADEMARK INFRINGEMENT — 15 U.S.C. § 1114
**(Against Elizabeth Arden)**

48. Plaintiff incorporates herein by reference each and every allegation contained herein.

49. "RIP-OFF REPORT" is a valid, protectable trademark.

7

50. Plaintiff owns "RIP-OFF REPORT" as its trademark.

51. By using the "RIP-OFF REPORT" mark in both its content and in metatags associated with the Complaints Board site, Defendant Elizabeth Arden has infringed Plaintiff's trademark without the consent of Plaintiff in a manner calculated to capture initial consumer attention and to direct such attention to the Complaints Board site at the expense of viewers looking for the Rip-off Report site.

52. Elizabeth Arden's conduct constitutes unfair competition and initial interest confusion in violation of Plaintiff's rights under the Lanham Act and under the common law.

## COUNT 5
## INJUNCTIVE RELIEF — 17 U.S.C. § 502(a)
**(Against All Defendants)**

53. Plaintiff incorporates herein by reference each and every allegation contained herein.

54. The conduct of each Defendant is causing and, unless enjoined and restrained by this Court, will continue to cause Plaintiff great and irreparable injury that cannot fully be compensated or measured in money.

55. Plaintiff has no adequate remedy at law.

56. Pursuant to 17 U.S.C. §§ 502(a) and 503, Plaintiff is entitled to preliminary and permanent injunctive relief prohibiting each Defendant from further infringing Plaintiff's copyrighted works.

## JURY TRIAL DEMAND

Pursuant to Fed. R. Civ. P. 38(b), Plaintiff demands a trial by jury on all issues so triable.

. . . .

. . . .

. . . .

Jaburg & Wilk, P.C.
Attorneys At Law
3200 N. Central Avenue, Suite 2000
Phoenix, Arizona 85012
(602) 248-1000

**WHEREFORE**, Plaintiff prays for judgment against each Defendant as follows:

1. For Plaintiff's actual damages and Defendants' profits, or statutory damages, as Plaintiff may elect, for infringement of each copyrighted work pursuant to 17 U.S.C. § 504;

2. For statutory and/or treble damages pursuant to 15 U.S.C. § 1117;

3. For injunctive relief pursuant to 17 U.S.C. §§ 502(a) and 503;

4. For Plaintiff's costs in this action pursuant to 17 U.S.C. § 504 and/or 15 U.S.C. § 1117(a);

5. For Plaintiff's reasonable attorneys' fees incurred pursuant to 17 U.S.C. § 504 and/or 15 U.S.C. § 1117(a);

6. For such other and further relief as the Court may deem just and proper.

DATED this 17th day of December, 2008.

**JABURG & WILK, P.C.**

s/Maria Crimi Speth
Maria Crimi Speth, Esq.
Laura A. Rogal
Attorneys for Plaintiff

10297-1/LAR/LAR/692130_v1